QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Adrian M. Pruetz (Bar No. 118215)
  adrianpruetz@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California public corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, a Delaware corporation,<br><br>Defendant. | CASE NO. C04-00634-PJH (EDL)<br><br>**DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

03685/32556.v1

Defendant Monsanto Company's [Proposed] Letter of Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters
Case No. C04-00634-PJH (EDL)

From the People of the State of California, United States of America, To The Competent Central Authority of Israel, GREETINGS:

WHEREAS, a civil litigation entitled *The Regents of the University of California v. Monsanto Company* is pending in the United States District Court for the Northern District of California, San Francisco Division, in which your assistance is necessary to request Haim Aviv and Marian Gorecki, former employees of Weizmann Institute of Science in Rehovot, Israel to give testimony; and

WHEREAS, this Court finds that the testimony sought by this Letter of Request is material to several issues now pending in the present litigation and that assistance is necessary to the successful resolution of such litigation because the witnesses named herein are unavailable to give testimony in the United States of America.

WE THEREFORE MAKE the following Request for International Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters:

It is respectfully requested that an appropriate Israeli judicial officer to compel the witnesses identified herein to give testimony on the subject matters described below.

It is further requested that the appropriate judicial officer of Israel issue such orders as are necessary to implement this Request for the witnesses named herein to give testimony at deposition in conformity with the procedures of the Federal Rules of Civil Procedure or such other procedures as are acceptable to you.

In conformity with Article 3 of the Hague Evidence Convention, the undersigned applicant has the honor to submit the following Request:

1. **Sender:**

   Victoria F. Maroulis, Esq.
   Quinn Emanuel Urquhart Oliver & Hedges, LLP
   555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065
   United States of America

03685/32556.1

1

DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

2. **Central Authority of the Requested State:**

   Director of the Courts
   19 Jaffa Road
   Jerusalem
   Israel

3. **Person to who the executed request is to be returned:**

   Victoria F Maroulis, Esq.
   555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065
   United States of America

4. a. **Requesting judicial authority:**

   Honorable Elizabeth D. Laporte
   United States Magistrate Judge
   United States District Court
   Northern District of California
   San Francisco Division

   450 Golden Gate Avenue
   San Francisco, California 94102
   United States of America\

   b. **To the competent authority of:**

   Israel

5. a. **Plaintiffs:**

   The Regents of the University of California
   1111 Franklin Street
   Oakland, California 94607
   United States of America

   **Representatives:**

   MORRISON & FOERSTER, LLP
   Gerald P. Dodson
   Erik J. Olson
   Erica D. Wilson
   755 Page Mill Road
   Palo Alto, CA 94304
   United States of America

   b. **Defendants:**

   Monsanto Company
   800 North Lindbergh Boulevard
   St. Louis, Missouri 63167
   United States of America

03685/32556.1

2

DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

**Representatives:**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn
Adrian M. Pruetz
Victoria F. Maroulis
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
United States of America

### 6. Nature and Purpose of the Proceedings:

The Plaintiff in this action is The Regents of the University of California ("UC"), which holds U.S. Patent No. 6,692,941 ("'941 Patent"), a patent that claims a single naturally occurring genetic variant of bovine growth hormone. The Defendant in this action is Monsanto Company ("Monsanto"), which produces posilac, a product used to enhance milk production in dairy cows.

UC alleges that Monsanto is infringing the '941 Patent through the manufacture, use, sale, and import of posilac. UC seeks damages for losses it has allegedly suffered as a result of Monsanto's activities relating to posilac. However, Monsanto contends that the '941 patent is invalid and unenforceable and that, even if such patent were valid or enforceable, posilac does not infringe the claimed invention.

The witnesses named herein are former employees of Weizmann Institute of Science ("Weizmann") and are the named inventors identified in U.S. Patent Application No. 08/457,519 ("'519 Application). The '519 Application, which was assigned to Weizmann's technology transfer arm, Yeda Research and Development Company Ltd. ("Yeda"), was the senior application with the earlier filing date in U.S. Interference No. 103,925 ("'925 Interference") against UC's U.S. Patent Application No. 07/480,745 ("'745 Application"). The '925 Interference proceeding ended after Yeda and UC entered into a settlement agreement, and UC's '745 Application subsequently issued as the '941 Patent.

On information and belief, Monsanto alleges that the testimony of Haim Aviv and Marian Gorecki is relevant to Monsanto's affirmative defense and counterclaim of unenforceability. Monsanto contends that the testimony of the witnesses and their documents will reveal that the settlement of UC's interference proceeding against Yeda involving the '941 Patent was based upon an improper agreement between those parties to allow priority to be awarded to UC, which

3

03685/32556.1

DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

had claims of much broader commercial significance than Yeda's claims, despite that UC was not entitled to such priority. Furthermore, UC has also put information regarding the Yeda invention at issue by seeking discovery from Monsanto relating to all work done by Yeda on deoxyribose nucleic acid sequences encoding bovine growth hormone.

**7.   Evidence to be obtained or other judicial act to be performed:**

Monsanto seeks videotaped depositions of Haim Aviv and Marian Gorecki to be used at trial in lieu of personal appearance.

**8.   Identity and address of location of witnesses:**

Haim Aviv
40 Benjamin Street
Rehovot, Israel

Marian Gorecki
5 Hansi Harishon St.
Rehovot, Israel

**9.   Statement of subject matter about which the witness is to be examined:**

Monsanto seeks to examine Haim Aviv and Marian Gorecki on the subjects listed in Exhibit A to Defendant Monsanto Company's [Proposed] Letter of Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**10.  Any requirement that the evidence be given on oath or affirmation and any special form to be used:**

It is respectfully requested that an examiner or other appropriate judicial officer of Israel direct that the witness be sworn in accordance with the applicable procedures of Israel.

**11.  Special Methods or procedures to be followed:**

It is respectfully requested that, insofar as it is not incompatible with the laws of Israel, the rules of procedure governing the taking of depositions in the United States under the Federal Rules of Civil Procedure be applied. It is requested that examination and cross-examination of each witness be taken. It requested that plaintiff's and defendants' legal representatives be permitted to conduct the examination of the witnesses.

4

03685/32556.1

DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

It is further requested that all questions and answers be transcribed by a qualified stenographic reporter and videotaped by a videographer chosen by the legal representatives of the applicant Monsanto Company ("Monsanto"). It is requested that the responses of each witness be recorded verbatim and that the witness sign the verbatim transcript or other record of responses to the questions. Monsanto will bear all usual expenses for the stenographic reporter and videographer. The original transcript of testimony should be returned to Monsanto's legal representatives as identified herein for retention and production at the time of trial.

It is further requested that testimony be taken, if possible, on the dates listed below, or at such other date as ordered by an appropriate judicial officer of Israel and/or as otherwise scheduled by the legal representatives of Monsanto. It is requested that such depositions continue from day to day until completion.

Haim Aviv:  August 11, 2005

Marian Gorecki:  August 12, 2005

It is further requested that the legal representatives of The Regents of the University of California be allowed to participate via telephone or videoconference.

**12.    Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified:**

It is respectfully requested that Monsanto's legal representatives as identified herein be notified upon execution of the Request.

**13.    Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:**

Not applicable.

**14.    Specification of privilege or duty to refuse to give evidence under the law of the State of Origin.**

The witnesses may refuse to give evidence only insofar as they have a privilege or duty to refuse to give evidence under the laws of the United States or the laws of Israel.

5

03685/32556.1   DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

15. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 of the Convention will be borne by:

> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 555 Twin Dolphin Drive, Suite 560
> Redwood Shores, California 94065
> United States of America

WE THEREFORE REQUEST, pursuant to Article 9 of the Convention, that this Letter of Request be executed expeditiously.

16. **Date of Request:**

> July 28, 2005

17. **Signature and seal of the Requesting Authority:**

*[Seal of United States District Court with signature of Judge Elizabeth D. Laporte]*

Honorable Elizabeth D. Laporte
United States Magistrate Judge
United States District Court
Northern District of California
San Francisco Division


Respectfully submitted,

By: *[signature: Victoria F. Maroulis]*
QUINN EMANUEL URQUHART OLIVER
  & HEDGES, LLP
Victoria F. Maroulis, Esq.
Attorneys for Defendant
Monsanto Company

03685/32556.1

6

DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Adrian M. Pruetz (Bar No. 118215)
  adrianpruetz@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California public corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, a Delaware corporation,<br><br>Defendant. | CASE NO. C04-00634-PJH (EDL)<br><br>**EXHIBIT A TO DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

03685/32539.1

EXHIBIT A TO DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

Pursuant to 28 U.S.C. § 1781 and to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Defendant Monsanto Company ("Monsanto") hereby requests that Haim Aviv, and Marian Gorecki, former employees of Weizmann Institute of Science, in Rehovot, Israel appear for deposition to give testimony under oath by question and answer at the designated times at the Central Authority of Israel, Director of Courts, 19 Jaffa Road, Jerusalem, Israel.

## DEFINITIONS

A.   **MONSANTO**. As used in these Requests, the term "Monsanto" shall mean Monsanto Company, and its corporate parent, subsidiaries, predecessors, affiliates, successors, divisions, officers, directors, employees, agents, servants, representatives, and attorneys.

B.   **UC**. As used in these Requests, the terms "UC" shall mean The Regents of the University of California, and its corporate parents, subsidiaries, predecessors, affiliates, successors, divisions, officers, directors, employees, agents, servants, representatives, and attorneys.

C.   **YEDA**. As used in these Requests, the terms "Yeda" shall mean Yeda Research & Development Co. Ltd., and its divisions, officers, directors, employees, agents, servants, representatives, and attorneys.

D.   **WEIZMANN**. As used in these Requests, the terms "Weizmann" shall mean Weizmann Institute of Science, and its divisions, officers, directors, employees, agents, servants, representatives, and attorneys.

E.   **PERSON**. As used in these Requests, the term "person" shall mean any natural person or business, legal, or governmental entity or association.

F.   **DOCUMENT**. As used in these Requests, the term "document" shall have the broadest meaning possible and shall include all written or graphic matter, including but not limited to information contained in computer storage, other electronic information retrieval systems, drafts, copies, the original (or a copy when the original is not available), and each non-identical copy (including those which are non-identical by reason of notations or markings) of any books, notebooks, pamphlets, periodicals, letters, reports, memoranda, handwritten notes,

1

03685/32359.1   EXHIBIT A TO DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

notations, messages, telegrams, wires, cables, records, studies, analyses, summaries, magazines, booklets, circulars, catalogs, bulletins, instructions, operating or maintenance manuals, operating or product specifications, fabrication sheets, calendars, daytimers, notes or records of meetings, notices, purchase orders, bills, ledgers, checks, tabulations, questionnaires, surveys, drawings, sketches, blueprints, flow sheets, working papers, charts, graphs, indices, tapes, agreements, releases, appraisals, valuations, vouchers, reports, estimates, opinions, financial statements, accounting records, income statements, photographs, films or videotapes, indexes, tapes, minutes, contracts, leases, invoices, records of purchase or sale, correspondence, electronic or other transcriptions or tapings of or notes pertaining to telephone or personal conversations or conferences, tape records, electromagnetic recordings, electronic mail messages and printouts thereof, voice mail messages or transcriptions thereof, microfilms, CD ROMS, videotapes or cassettes, films, movies, computer printouts, or any other written, printed, typed, punched, taped, filmed, or graphic matter or tangible thing, or whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data), including all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof in your actual or constructive possession, custody, or control.

      **G.**    **COMMUNICATION.** As used in these Requests, the term "communication" shall mean any written or oral transmission of fact, information, ideas, or opinion, including without limitation any utterance, notation, question, command, interjection, expression, gesture, suggestive conduct, or statement of any nature whatsoever, any conversation, and any meeting, and also including without limitation correspondence and documents.

      **H.**    **PATENT-IN-SUIT.** As used in these Requests, the term "patent-in-suit" shall mean United States Patent No. 6,692,941, entitled Bovine Growth Hormone, and shall include any application from which such patent issued, any divisional, continuation, or continuation-in-part application or request for continued examination arising or claiming priority therefrom (including any abandoned application), any foreign application or patent whose disclosed subject

2

03685/32359.1

EXHIBIT A TO DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

matter corresponds in substantial part to any of the above, and includes without limitation United States Patent Application Nos. 06/181,348, 06/489,557, 07/090,937, and 07/480,745.

    **I.**    **AVIV PATENTS.** As used in these Requests, the term "Aviv patents" shall mean United States Patent Application No. 08/457,519, any U.S. or foreign patent application from which such patent application claims priority, any foreign application or patent whose disclosed subject matter corresponds in substantial part to any of the above, and includes without limitation United States Patent Application No. 06/245,953 and Israeli Patent Application No. 59,690.

    **J.**    **'925 INTERFERENCE.** As used in these requests, the term "'925 interference" shall mean the interference *Miller, et. al. v. Aviv, et. al.*, Interference No. 103,925.

    **K.**    **BOVINE GROWTH HORMONE.** As used in these Requests, the term "bovine growth hormone" shall include naturally occurring DNA sequences encoding bovine growth hormone, DNA sequences encoding bovine growth hormone derived from recombinant DNA technology, methods and materials used to identify, isolate, purify, express, or clone any DNA sequence encoding bovine growth hormone, and bovine growth hormone.

    **L.**    **INVENTORSHIP.** As used in these Requests, the term "inventorship" shall include, for all subject matter disclosed or claimed in the Aviv patents, the name and current contact information for each inventor, any assignee of rights in each invention, and the source of funds used to research such subject matter.

    **M.**    **PRIOR ART.** As used in these Requests, the term "prior art" shall include all patents, publications, or events allegedly falling within any of the categories set forth in 35 U.S.C. §§ 102 or 103 with respect to the patent-in-suit.

    **N.**    **PTO.** The term "PTO" shall mean the United States Patent and Trademark Office.

    **O.**    **ATTORNEY.** As used in these Requests, the term "attorney" shall include both in-house and retained counsel.

    **P.**    **AND/OR.** As used in these Requests, the words "and" and "or" shall be construed to mean "and/or," except where the context does not permit.

3

03685/32359.1

EXHIBIT A TO DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

Q. **SINGULAR/PLURAL.** Unless the context requires otherwise, use in the following Requests of the singular shall include the plural, and the present tense shall include the past tense, and vice versa.

R. **UNDEFINED TERMS.** For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning as used in the trade.

## TOPICS FOR DEPOSITION

**DEPOSITION TOPIC NO. 1:**

The prosecution histories of the AVIV PATENTS.

**DEPOSITION TOPIC NO. 2:**

COMMUNICATIONS with the PTO or any other patent office during prosecution of the AVIV PATENTS.

**DEPOSITION TOPIC NO. 3:**

DOCUMENTS used by YEDA in the prosecution of the AVIV PATENTS.

**DEPOSITION TOPIC NO. 4:**

COMMUNICATIONS between YEDA and the inventors during prosecution of the AVIV PATENTS.

**DEPOSITION TOPIC NO. 5:**

Laboratory notebooks containing any subject matter disclosed or claimed in the AVIV PATENTS.

**DEPOSITION TOPIC NO. 6:**

Written descriptions of any subject matter disclosed or claimed in the AVIV PATENTS.

**DEPOSITION TOPIC NO. 7:**

Flow charts of any subject matter disclosed or claimed in the AVIV PATENTS.

**DEPOSITION TOPIC NO. 8:**

Drawings of any subject matter disclosed or claimed in the AVIV PATENTS.

**DEPOSITION TOPIC NO. 9:**

Technical writings regarding any subject matter disclosed or claimed in the AVIV PATENTS.

03685/32359.1

EXHIBIT A TO DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

**DEPOSITION TOPIC NO. 10:**

Presentations regarding any subject matter disclosed or claimed in the AVIV PATENTS.

**DEPOSITION TOPIC NO. 11:**

Project plans regarding any subject matter disclosed or claimed in the AVIV PATENTS.

**DEPOSITION TOPIC NO. 12:**

COMMUNICATIONS regarding any subject matter disclosed or claimed in the AVIV PATENTS.

**DEPOSITION TOPIC NO. 13:**

The first publication, oral or written, of any subject matter disclosed or claimed in the Aviv patents.

**DEPOSITION TOPIC NO. 14:**

Due diligence reports regarding any subject matter disclosed or claimed in the AVIV PATENTS.

**DEPOSITION TOPIC NO. 15:**

Opinions regarding the patentability, validity, enforceability, construction, interpretation, infringement, or scope of any subject matter disclosed or claimed in the PATENT-IN-SUIT.

**DEPOSITION TOPIC NO. 16:**

COMMUNICATIONS between UC and YEDA.

**DEPOSITION TOPIC NO. 17:**

COMMUNICATIONS between UC and WEIZMANN.

**DEPOSITION TOPIC NO. 18:**

Minutes of any meeting regarding the '925 INTERFERENCE.

**DEPOSITION TOPIC NO. 19:**

Opinions from any consultant or expert who assisted YEDA in connection with the '925 INTERFERENCE.

**DEPOSITION TOPIC NO. 20:**

Drafts and iterations of the settlement agreement reached in the '925 INTERFERENCE.

5

03685/32359.1

EXHIBIT A TO DEFENDANT MONSANTO COMPANY'S [PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
CASE NO. C04-00634-PJH (EDL)

**DEPOSITION TOPIC NO. 21:**

Records of any breach by UC under the settlement agreement reached in the '925 INTERFERENCE.

**DEPOSITION TOPIC NO. 22:**

Contracts between UC and YEDA.

**DEPOSITION TOPIC NO. 23:**

Contracts between UC and WEIZMANN.

**DEPOSITION TOPIC NO. 24:**

Proof of payment from UC to YEDA pursuant to the terms of the settlement agreement from the '925 INTERFERENCE.

**DEPOSITION TOPIC NO. 25:**

Agreements between UC and YEDA other than the settlement agreement related to the '925 INTERFERENCE.

Dated: July 15, 2005

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

_____/S/_____
Victoria F. Maroulis

03685/32359.1

6

Exhibit A to Defendant Monsanto Company's [Proposed] Letter of Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters
Case No. C04-00634-PJH (EDL)