IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>         Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>         Defendant.<br>_____/ | No. C-04-0634 PJH (EDL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FOLLOW UP DEPOSITIONS OF DR. BOGOSIAN AND MS. MADERE** |

During the course of discovery, Defendant Monsanto Company objected to various discovery requests and refused to answer certain deposition questions based on an overly-narrow construction of the waiver doctrine. Plaintiff The Regents of the University of California filed a motion to compel on this issue, and on July 14, 2005, the Court issued an Order defining the scope of the waiver as it applied to this case. Citing this Order, Plaintiff requested that Defendant produce Dr. Gregg Bogosian and Ms. Consuelo Madere for further testimony pertaining to communications with Monsanto counsel regarding the scope, validity or infringement of the '941 Patent, topics as to which the witnesses were instructed not to answer at their depositions. When Defendant refused and efforts to meet and confer failed, Plaintiff filed this motion. The Court has reviewed the parties' arguments, and now grants the motion.

Defendant objects to producing Mr. Bogosian and Ms. Madere on two grounds. First, Defendant argues that requiring that these deponents return for further depositions would be unduly burdensome. Second, Defendant believes the further depositions are unnecessary in light of the fact

that Monsanto already provided its current and former in-house counsel for depositions. According to Defendant, "[t]he marginal benefit to UC of Dr. Bogosian's and Ms. Madere's testimony on the few questions on which they were instructed does not outweigh the burden on these witnesses and Monsanto." Defendant's August 1, 2005 Response. Defendant, however, ignores the fact that Plaintiff filed a successful motion to compel because Defendant improperly instructed its witnesses not to answer certain questions at deposition. Plaintiff wants these answers from these deponents, and earned the right to them. While the Court is mindful of the burden that repeated depositions may impose upon the parties, Defendant deliberately took that risk when it instructed the witnesses not to answer. Preventing Plaintiff from deposing these two witnesses on topics which the Court determined were relevant and appropriate for discovery would eviscerate the Court's July 14, 2005 Order.

Consequently, the Court GRANTS Plaintiff's motion and orders Defendant to make Dr. Bogosian and Ms. Madere available for an additional 1.5 hours of deposition each. Plaintiff may examine the witnesses only about communications with counsel that relate to the scope, validity or infringement of the '941 Patent to the extent that they: (1) precede the filing of the lawsuit; (2) involve Opinion Counsel; (3) concern communications between in-house counsel and Monsanto management about the Opinion Letters; or (4) concern in-house counsel's opinions about the subjects of the Opinion Letters.

**IT IS SO ORDERED.**

Dated: August 2, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge