1  GERALD P. DODSON (CA SBN 139602)
   ERIK J. OLSON (CA SBN 175815)
2  ERICA D. WILSON (CA SBN 161386)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, CA  94304-1018
4  Telephone: (650) 813-5600
   Facsimile: (650) 494-0792
5  E-mail: GDodson@mofo.com

6  JAMES E. HOLST (CA SBN 34654)
   P. MARTIN SIMPSON, JR. (CA SBN 122867)
7  NANCY Y. CHU (CA SBN 181159)
   OFFICE OF THE GENERAL COUNSEL
8  THE REGENTS OF THE UNIVERSITY OF CALIFORNIA
   1111 Franklin Street, 8th Floor
9  Oakland, CA  94607-5200
   Telephone: (510) 987-9800

10

11 Attorneys for Plaintiff
   THE REGENTS OF THE UNIVERSITY OF CALIFORNIA
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                        SAN FRANCISCO DIVISION

16

| | |
|---|---|
| 17  THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California Public Corporation,<br>18<br>                    Plaintiff,<br>19<br>         v.<br>20<br>     MONSANTO COMPANY, a Delaware<br>21  Corporation,<br>22                   Defendant. | Case No.   C04 00634 PJH (EDL)<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] ORDER GRANTING IN PART (1) THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION AND (2) THE REGENTS' MOTION TO COMPEL PRODUCTION OF BUSINESS AND FINANCIAL DISCOVERY**<br><br>Date:    August 16, 2005<br>Time:   9:00 a.m.<br>Before: Honorable Elizabeth D. Laporte<br>Location: Courtroom E, 15th Floor |

1   This matter comes before the Court on: (1) Plaintiff The Regents of the University of
2   California's ("The Regents") Motion to Compel Responses to Interrogatories and Requests for
3   Admission and (2) The Regents' Motion to Compel Production of Business and Financial
4   Discovery.

   Having considered the arguments and evidence submitted and for good cause appearing:

   IT IS HEREBY ORDERED that The Regents Motion to Compel Defendant Monsanto
Company ("Monsanto") to produce responses to Interrogatories and Requests for Admission is
GRANTED.

   In particular, within twenty-one days of this order:

   (a)   Monsanto shall provide The Regents with complete responses to Interrogatories
         16-26;

   (b)   Monsanto must provide clear amended answers to The Regents' requests for
         admission.  Those answers must unambiguously state whether Monsanto is
         admitting the fact identified by the request or denying the fact identified by the
         request.  Monsanto's attorney-client privilege, lacking sufficient information to
         respond to the request (except with respect to request for admission number 21),
         legal conclusion, expert testimony, unintelligible, and vagueness objections are
         overruled.  A denial shall fairly meet the substance of the requested admission, and
         when good faith requires that Monsanto qualify an answer or deny only a part of
         the matter of which an admission is requested, Monsanto shall specify so much of
         it as is true and qualify or deny the remainder.

   IT IS ALSO HEREBY ORDERED that The Regents' Motion to Compel Production of
Business and Financial Discovery is GRANTED IN PART and DENIED IN PART.  Before
September 30, 2005, Monsanto is ordered to:

- Produce a witness on Topic 11 of The Regents' Rule 30(b)(6) Notice of Deposition of
  Monsanto Company;

- Produce Dr. Gregg Bogosian and Consuelo Madere for deposition.  Dr. Bogosian and Ms.
  Madere may be deposed on 1) topics from the Court's August 2, 2005 Order Granting
  Plaintiff's Motion for Follow Up Depositions of Dr. Bogosian and Ms. Madere; 2)
  Monsanto's actual, anticipated, or contemplated sales or marketing of the four non-
  POSILAC® products that were the subject of The Regents' Motion to Compel Production of
  Business And Financial Discovery ("Four products addressed in The Regents' motion"); 3)

Monsanto's investigation, development, and spending regarding possible noninfringing alternative products and manufacturing methods; and/or 4) Monsanto's licenses that are produced pursuant to this Order.  The Bogosian and Madere depositions are not to exceed 3 hours each.

In addition, Monsanto SHALL PRODUCE within twenty-one days of this order:

1. For the time period between October of 2003 and February of 2004, documents discussing, summarizing, or referring to any relationship between sales of POSILAC® and sales of any of the four products addressed in The Regents' motion, and documents sufficient to show sales of the four products addressed in The Regents' motion to buyers of POSILAC®;

2. For the time period between October of 2003 and February of 2004, documents discussing, summarizing, or referring to any actual or potential effect on sales of the four products addressed by The Regents' motion due to any relationship to the purchase, marketing or use of POSILAC® or any other bovine growth hormone ("bGH") product;

3. For the time period between October of 2003 and February of 2004, documents discussing, summarizing, or referring to any actual, planned, or projected marketing or sale of the four products addressed in The Regents' motion in conjunction with the marketing or sale of POSILAC®, including but not limited to the "test program" described from page 155, line 25 to page 156, line 8 of the Goodman deposition;

4. Unredacted copies of documents that were previously produced and that relate to the four products addressed in The Regents' motion;

5. License agreements for the use of other patents, if any, that Monsanto contends are comparable to the patent-in-suit for purposes of calculating a reasonably royalty pursuant to *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970);

6. Monsanto will produce (a) all non-POSILAC licenses from its Animal Agriculture division; and (b) a copy of the representative form agreements between Monsanto and seed dealers or growers relating to Monsanto's genetically engineered corn, soy, and cotton (including Bollgard, Ingard, MaisGard, YieldGard, and ROUNDUP Ready technology or germ plasm) for the period 1998 to 2004 (including but not limited to representative Monsanto Technology Agreements, License Incentive Agreements, YieldGard License and Seek Services Agreements, and ROUNDUP Ready License and Seed Services Agreements).  Monsanto does not concede the relevance of the agreements from its crop and seed business to this litigation;

7. A full and adequate response to interrogatory 18: "IDENTIFY (by licensor, licensee, date of license, patents covered, royalty rate, royalty base, and any other payments due) all licenses for or agreements regarding the use of other patents that YOU contend are comparable to the PATENT-IN-SUIT for purposes of calculating a reasonable royalty pursuant to *Georgia Pacific Corp. v. United States Plywood Corp*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970);"

8. Documents responsive to The Regents' Requests for Production Nos. 227-228;

9. Documents sufficient to show the amount of money spent by Monsanto on the development or approval of any variant of bGH or bGH product other than POSILAC®, as recited in The Regents' Request for Production No. 237;

10. A full and adequate response to interrogatory 24: "State the USAN name and the amino acid sequence of each BGH molecule other than sometribove that YOU are currently developing for potential submission to the FDA and IDENTIFY the target animal safety, target animal efficacy, toxicology, human safety, or statistical studies that are currently ongoing for each;" and

11. A full and adequate response to interrogatory 25: "State the USAN name and the amino acid sequence of each molecule YOU contend is or would be an available non-infringing substitute for POSILAC® in the event that POSILAC® sales are enjoined due to THIS LITIGATION."

IT IS SO ORDERED.

Dated: ___August 22___, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

[PROPOSED] ORDER GRANTING THE REGENTS' MOTIONS TO COMPEL DISCOVERY
C04 00634 PJH (EDL)
pa-1002961

4