**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA,

    Plaintiff,

    v.

MONSANTO COMPANY,

    Defendant.

_____/

No. C 04-0634 PJH

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIMS**

    Before this court is defendant's motion for leave to file a second amended answer and counterclaims in this action, filed after the court granted leave to amend the case management order to permit the late filing of this motion. Plaintiff has filed an opposition. Having read the papers and carefully considered the relevant legal authority, the court hereby DENIES defendant's motion, for the reasons that follow.[1]

    Fed. R. Civ. P. 15(a) requires that Monsanto obtain either consent or leave of court to amend its pleadings after the Regents have responded, but "leave shall be freely given when justice so requires." See, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily permitted unless the amendment is futile, untimely, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987); Foman v. Davis, 371 U.S. 178, 182 (1962).

    The most significant factor to consider on a motion to amend is the prejudice that the proposed amendment might cause to the non-moving party. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry

---

    [1] Pursuant to Civ. L. R. 7-13, this order shall not be cited except as provided by Civ. L. R. 3-4(e).

1  under Rule 15(a)."). Non-expert discovery in this matter closed on August 12, 2005; expert
2  discovery closed on all issues on September 9, 2005; all dispositive motions will be heard on
3  October 12, 2005; and trial is scheduled to begin on February 13, 2006.

4  Now that the court has had the opportunity to review the merits of Monsanto's request, it
5  is apparent that Monsanto is proposing a completely new theory of liability. Accordingly, the
6  Regents would require extensive discovery to adequately oppose the proposed patent misuse
7  claim, including but not limited to discovery as to third party Yeda, (which is not amenable to
8  process in the United States), and discovery on any anti-competitive effects that the behavior
9  at issue may have had in the market. The Regents would also require extensive consultation
10 with additional experts to develop their defense, and Monsanto would be entitled to depose
11 those experts as well.

12 Discovery would thus need to be reopened if leave to amend were granted, which
13 would significantly delay the pretrial schedule in this matter and would also require the
14 February 2006 trial date to be vacated. This would severely prejudice the Regents, and is
15 thus sufficient in and of itself to warrant the denial of Monsanto's motion. See Lockheed
16 Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (need to reopen
17 discovery and delay proceedings supports a finding of prejudice against the non-moving
18 party); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292 (9th Cir. 2000) (attempt to amend
19 pleadings to assert new legal theory after the close of discovery considered prejudicial to non-
20 moving party under Rule 15(a)).

21 Monsanto's motion for leave to file a second amended answer and counterclaims in
22 this action is DENIED. This order fully adjudicates the matter listed at no. 404 on the clerk's
23 docket for this case.

24 **IT IS SO ORDERED.**

25 Dated: September 9, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

2