**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA,

    Plaintiff,

    v.

MONSANTO COMPANY,

    Defendant.
_____/

No. C 04-0634 PJH

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

    Before this court is defendant's motion for leave to file a motion for reconsideration on the basis of the Federal Circuit's recent decision in Phillips v. AWH Corporation, 415 F.3d 1303 (Fed. Cir. 2005), disapproving of certain holdings in Texas Digital Sys., Inc. v. Telegenix, 308 F.3d 1193 (Fed. Cir. 2002), a case upon which this court cited in its claim construction order.  Plaintiff has filed an opposition.  Having read the papers and carefully considered the relevant legal authority, the court hereby DENIES defendant's motion, for the reasons that follow.[1]

    While Phillips does hold that the courts are not to rely on extrinsic evidence such as dictionaries at the expense of the specification when construing claims, see 415 F.3d at 1320-21, and disapproves of Texas Digital to the extent it implied otherwise, Phillips also cautions the district court that under no circumstances are limitations from the specification to be read into the claims either.  Id. at 1323.  Contrary to Monsanto's position, Phillips does not require that the court ignore the ordinary meaning of the terms in favor of importing limitations from the specification.  See id. at 1312 (holding that "the words of a claim are generally given

---

[1] Pursuant to Civ. L. R. 7-13, this order shall not be cited except as provided by Civ. L. R. 3-4(e).

1  their ordinary and customary meaning").

2  Monsanto challenges the court's claim construction as improperly ignoring the
3  limitations in figure 1 of the '941 patent specification.  However, as stated in the claim
4  construction order, "there is no intent expressed in the claim language to limit the claim to only
5  the DNA molecule sequence disclosed in Figure 1 of the '941 patent," Claim Construction
6  Order at 6.  Even after Phillips, the court remains barred from reading the specification's
7  limitations into the claims of the '941 patent.

8  Even if, as Monsanto argues, figure 1 of the '941 patent is the only embodiment
9  provided in the specification, Phillips reiterates the Federal Circuit's well-established doctrine
10 that a single embodiment standing alone is an insufficient basis for importing those limitations
11 into the claim.  415 F.3d at 1323.  See also Claim Construction Order at 6 (citing cases).  The
12 court's order is thus consistent with Phillips and the general canons of claim construction.

13 Furthermore, the court's claim construction order is based solely on intrinsic evidence
14 as defined by Phillips – the court did not rely on dictionaries, expert testimony, or any other
15 evidence other than that presented in the claims, specifications, and prosecution history of the
16 '941 patent.  See Claim Construction Order at 15 (stating that court did not rely on any
17 extrinsic evidence).  Monsanto does not appear to dispute this.  Thus, the Phillips clarification
18 of the weight to give certain kinds of extrinsic evidence in claim construction has no relevance
19 to the claim construction performed by this court.

20 Monsanto's motion for leave to file a motion for reconsideration is DENIED.  This order
21 fully adjudicates the matter listed at no. 383 on the clerk's docket for this case.

22 **IT IS SO ORDERED.**

23 Dated: September 20, 2005

24 _____
   PHYLLIS J. HAMILTON
   United States District Judge