United States District Court

For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA,

                Plaintiff,

     v.

MONSANTO COMPANY,

                Defendant.
_____/

No. C 04-0634 PJH

**ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION TO
EXCLUDE**

Defendant's motion to exclude the expert report and testimony of plaintiff's expert, Kenneth Burchfiel, came on for hearing before this court on January 25, 2006. Plaintiff the Regents of the University of California ("UC Regents") appeared through its counsel, Erica Wilson and Gerald Dodson. Defendant Monsanto Company ("Monsanto") appeared through its counsel, Victoria Maroulis. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion in part and DENIES the motion in part as follows, for the reasons stated at the hearing.

Preliminarily, the court notes that, while defendant framed it as such, the instant motion is not truly a *Daubert* motion. The substance of the issues raised by the parties do not actually go to whether the technical background of Mr. Burchfiel – or any of the witnesses to whom Mr. Burchfiel responds – is sufficient. Rather, the real issue presented by the parties is whether or not the court should use its discretion to allow Mr. Burchfiel's expert testimony because it will aid the trier of fact. As the court stated at the hearing on defendant's motion, provided that an expert's testimony (insofar as that expert testifies to matters bearing on legal issues) relies on settled law (e.g., law of the case or agreed upon

United States District Court

For the Northern District of California

jury instructions), then generally speaking, that expert may testify.  Where an expert proposes to testify, however, to legal issues that may contradict the law to be presented to the trier of fact, such testimony cannot purport to aid the trier of fact.

With these principles in mind, the court rules as follows:

1. To the extent Mr. Burchfiel's report and proposed testimony includes an overview of legal patent principles and general patent law (generally located at pages 3-52 of Mr. Burchfiel's report), defendant's motion is GRANTED and such testimony is excluded.  This does not, however, include any testimony that addresses general PTO practice and procedures.

2. To the extent Mr. Burchfiel's report and proposed testimony opines on the legal issue of infringement as it applies in the case (generally located at pages 52-73 of Mr. Burchfiel's report), the trier of fact is entitled to make such assessment on its own without potentially conflicting expert evidence. Accordingly, defendant's motion is GRANTED on this issue and such testimony is excluded.

3. To the extent Mr. Burchfiel's report and proposed testimony opines on the issue of the reasonableness of Monsanto's reliance on the opinion of its counsel (generally located at pages 78-117 of Mr. Burchfiel's report), the trier of fact is entitled to consider such evidence, and Mr. Burchfiel may opine freely as to this issue.  Accordingly, defendant's motion is DENIED as to this issue.

4. To the extent Mr. Burchfiel's report and proposed testimony opines on the issue of willful infringement (generally located at pages 73-78 of Mr. Burchfiel's report), although this is legal testimony better left to the court, the court recognizes that it will be difficult for Mr. Burchfiel to testify as to the reasonable reliance issue without at least some discussion of the law of willfulness.  Accordingly, the court holds that Mr. Burchfiel may testify on this

1     issue, but such testimony must be within the limits of the Northern District's

2     Patent Jury Instructions (unless the parties agree to an alternative via

3     stipulation).  Defendant's motion on this issue is DENIED.

4     The parties are reminded that, in order for an expert to properly opine on issues

5 related to patent law in this case, the experts must present testimony rooted in settled law.

6 To make this determination, the parties should look to (1) the Northern District Patent Jury

7 Instructions; and (2) the law of the case (i.e., prior orders, claim construction, etc.).  In the

8 event the parties are still unable to reach agreement as to a uniform source of law, the

9 parties may seek guidance from the court.

10     Furthermore, as stated at the hearing, defendant's corresponding request to file

11 Exhibit B to the declaration of Victoria Maroulis under seal is DENIED.

12

13 **IT IS SO ORDERED.**

14 Dated: February 7, 2006

15                                _____

                             PHYLLIS J. HAMILTON
                             United States District Judge

**United States District Court**
For the Northern District of California

3