|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,

        Plaintiff,                              No. C 04-0634 PJH

    v.                                     **FINAL PRETRIAL ORDER**

MONSANTO COMPANY

        Defendant.

_____/

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.  The pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I.      <u>MOTIONS IN LIMINE</u>

**Plaintiff:**

1)    Motion to exclude evidence and argument regarding issues resolved by summary judgment is GRANTED in part and DENIED in part.  The motion is GRANTED to the extent that any matter of law or fact has actually been presented to and ruled on by the court, including any argument or testimony as to double-patenting.  The motion is DENIED to the extent that testimony and evidence already considered may be introduced as to other relevant issues.  Specifically:

      a.    As to obviousness, Monsanto may present an obviousness defense based on any prior art references that were not raised before the court on summary judgment.

      b.    As to obviousness type double-patenting, the court previously found that no issues of material fact exist as to this issue.  Accordingly, no argument on this issue may be presented at trial.

c. With respect to the Itakura and Sasavage prior art references, the references will not be admitted as to anticipation, but are admissible with respect to other issues, provided those issues are relevant. Given the potential for overlap and confusion among issues, however, the court would like an offer of proof with respect to any issues as to which Monsanto seeks to introduce the references.

d. As to inequitable conduct, the only issue remaining for trial on this issue is the UC Regents' purported failure to disclose the foreign applications. Accordingly, no other evidence of inequitable conduct is admissible, unless such evidence is relevant to a separate issue in the case.

e. As to prosecution laches, the court previously found that Monsanto did not meet its burden of proof as to this issue. Accordingly, no argument on this issue may be presented at trial.

f. As to prosecution history estoppel, Monsanto may present any evidence or argument of prosecution history estoppel provided that the basis for such evidence or argument was not raised before the court on summary judgment.

g. As to the issue of damages, the court previously held that as a matter of law, a paid up license for the life of the patent can be a valid measure of damages. Accordingly, the UC Regents may present this theory at trial, and both parties are entitled to litigate fully whether such an award is appropriate.

2) Motion to exclude evidence and argument regarding patent misuse is GRANTED.

3) Motion to exclude any and all evidence which may be proffered and which may contradict Monsanto's prior admissions is DENIED. While the court generally agrees that parties cannot contradict their own admissions, a blanket order is not appropriate at this time. In the event such contradiction

2

occurs, the UC Regents may use the contradictory information for impeachment purposes or may request such other relief as is appropriate under the circumstances.

4) Motion to limit Dale Hoscheit's testimony to the three opinion letters he authored is GRANTED.

5) Motion to exclude testimony and argument that Monsanto relied on any opinions of counsel other than the Banner & Witcoff opinions is GRANTED.

6) Motion to exclude evidence and argument regarding Monsanto's own patents is DENIED.

7) Motion to exclude evidence or argument regarding the UC Regents' prior litigation with Eli Lilly & Co. is GRANTED.

8) Motion to exclude evidence and argument based on prior case law involving Dr. Leitzinger is DENIED.

9) Motion to exclude the Institutional Patent Agreement is DENIED.

10) Motion to exclude the testimony of Kevin Holloway has been WITHDRAWN.

11) Motion to exclude the testimony of Kimberly Moore and her declaration regarding Monsanto's opposition to the UC Regents' motion for summary judgment on prosecution laches has been WITHDRAWN.

**Defendant:**

1) Motion to exclude evidence regarding a five-year extension of the '941 patent is GRANTED.

2) Motion to exclude argument or testimony that the UC Regents is entitled to damages in the form of a paid-up license is DENIED.

3) Motion to exclude argument or testimony regarding a running royalty base is DENIED.

4) Motion to exclude evidence or argument regarding Monsanto's unsold inventory of POSILAC units is DENIED, however the issue will be considered further in conjunction with jury instructions on damages.

5) Motion to exclude evidence or argument regarding sales of POSILAC manufactured prior to issuance of the '941 patent is DENIED.

6) Motion to exclude evidence or argument regarding foreign sales of POSILAC manufactured abroad is DENIED.

7) Motion to exclude evidence or argument regarding Monsanto's alleged "hardball tactics" is DENIED, however, the expert shall use a less pejorative characterization.  Evidence of prior licensing practices in the biotechnology field is admissible.

8) Motion to exclude evidence or argument regarding Monsanto's form agreements and/or licenses for genetically-modified crops is GRANTED.

9) Motion to exclude evidence or argument regarding future sales of cow conception or pregnancy detection products is GRANTED.

10) Motion to exclude evidence or argument regarding occasional sales of corn or alfalfa to the customers of POSILAC is GRANTED.

11) Motion to exclude evidence or argument that pBGH1 infringes is GRANTED, although testimony or evidence related to pBGH1 may be introduced for other purposes with a limiting instruction to be prepared by Monsanto.

12) Motion to exclude testimony that Monsanto infringes claims 1-2 and 5-10 under the doctrine of equivalents is DENIED.

13) Motion to exclude evidence or argument that the amino acid sequence for bGH was not known in 1980 is DENIED.

14) Motion to exclude evidence or argument regarding Monsanto's litigation, settlement negotiations, and license negotiations with Eli Lilly is GRANTED.

15) Motion to exclude evidence or argument regarding the alleged theft of plasmids by Genentech employees is GRANTED.

16) Motion to exclude reference to an alleged dispute between Lawrence Goffney and Bruce Lehman is DENIED.

17) Motion to exclude reference to or argument regarding Monsanto's manufacture of chemical products unrelated to bGH is GRANTED.

        18)    Motion to exclude reference to or evidence regarding the court's prior orders is DENIED.

## II. WITNESSES

No additional witnesses may be added to the witness lists of either party. The parties shall follow this court's Trial Rules with respect to notifying each other of which witnesses will be called each day.

## III. EXHIBITS

The parties shall stipulate to the admissibility of exhibits, where possible. In addition, the parties shall meet and confer about the process to be used to facilitate the use of exhibits by the court and the jury, utilizing the same audio-visual service if possible. All exhibits used at trial will be made public even if previously sealed.

## IV. DISCOVERY EXCERPTS

If depositions are used in lieu of personal appearances by witnesses, counsel shall re-enact the deposition rather than simply read it into the record. Deposition transcripts will not be given to the jury to read. Video taped depositions may be presented to the jury. The parties must provide the equipment.

## V. VOIR DIRE

The parties may submit a revised jury questionnaire containing no more than 35 questions no later than **February 9, 2006.** In the absence of a suitable questionnaire, the court will incorporate appropriate questions from the proposed questionnaire into its own voir dire of the panel.

## VI. JURY INSTRUCTIONS

The separately submitted jury instructions are unacceptable. The parties must jointly submit, no later than **February 21, 2006**, a revised joint set of jury instructions. The court will resolve no more than 10 disputed jury instructions. If the parties cannot agree on joint instructions, the court will utilize the Northern District patent jury instructions, supplemented by the ABA model jury instructions, without modification.

## VII. VERDICT FORMS

A revised joint verdict form must be submitted by **February 21, 2006**.

VIII. <u>TRIAL SCHEDULE AND TIME LIMITS</u>

Trial will take place over 4 weeks on Monday, Tuesday, Thursday and Friday, from 8:30 a.m to 1:30 p.m.  Each side will be permitted 28 hours trial time excluding jury selection and closing argument.

**IT IS SO ORDERED**.

Dated: February 7, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge